UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Blue Water Investment LLC,<br>          Plaintiff,<br><br>v.<br><br>Whitmor, Inc., and<br>Wal-Mart Stores, Inc.,<br>                    Defendants. | Civil Action No. : _____<br><br><br>COMPLAINT |

Plaintiff, Blue Water Investment LLC, for its Complaint against the defendants,

Whitmor, Inc. and Wal-Mart Stores, Inc., alleges as follows:


PARTIES

1.      Plaintiff, Blue Water Investment LLC, is a Massachusetts limited liability

company having a principal place of business at 62 South Main Street, Sharon, MA

02067 (hereinafter "plaintiff").

2.      On information and belief, defendant Whitmor, Inc., is a Delaware corporation

having a principal place of business at 8680 Swinnea Road, Suite 103, Southaven, MS

38671 (hereinafter "defendant Whitmor").

3.      On information and belief, defendant Wal-Mart Stores, Inc., is a Delaware

corporation having a principal place of business at 702 SW 8th Street, Bentonville, AK

72716 (hereinafter "defendant Wal-Mart").

## JURISDICTION AND VENUE

4.      This action arises under the patent laws of the United States, 35 U.S.C. §1 *et seq*.

5.      This Court has subject matter jurisdiction over this dispute pursuant to 28 U.S.C. §§1331 and 1338(a).

6.      This Court has personal jurisdiction over the defendants based upon theirs contacts with this forum, including, the sale of infringing products within the Commonwealth of Massachusetts.

7.      Venue is proper in this judicial district pursuant to 28 U.S.C. §§1391(b) and 1400(b).

## GENERAL FACTS

8.      Plaintiff is the sole owner of U.S. Patent No. D487,695 that issued on March 23, 2004 (the "'695 Patent"). A true copy of the '695 Patent is attached hereto as Exhibit A. The '695 Patent is valid and enforceable.

9.      Plaintiff is the sole owner of U.S. Patent No. D493,096 that issued on July 20, 2004 (the "'096 Patent"). A true copy of the '096 Patent is attached hereto as Exhibit B. The '096 Patent is valid and enforceable.

10.     On information and belief, defendant Wal-Mart is making, using, offering for sale, and/or selling a first set of bed risers (Item No. MS10-016–550-11-black) to consumers throughout the United States, including the Commonwealth of Massachusetts (the "First Product").

11.     A picture of the First Product and it packaging purchased from one of defendant Wal-Mart's retail stores located within the Commonwealth of Massachusetts is attached hereto as Exhibit C.

12.     On information and belief, defendant Wal-Mart is using, offering for sale, and/or selling a second set of bed risers (Item No. 6511-3349-BLK) supplied by defendant Whitmor to consumers throughout the United States, including the Commonwealth of Massachusetts (the "Second Product").

13.     A picture of the Second Product and it packaging purchased from defendant Wal-mart's online store (www.walmart.com) and picked up at one of defendant Wal-Mart's retail stores located within the Commonwealth of Massachusetts is attached hereto as Exhibit D.

14.     Upon information and belief, defendant Whitmor imports the Second Product from China and is using, offering for sale, and/or selling the Second Product to defendant Wal-Mart and other retailers who sell to consumers throughout the United States, including the Commonwealth of Massachusetts.


COUNT I - PATENT INFRINGEMENT - U.S. PATENT NO. D487,695

15.     Plaintiff re-alleges each and every allegation set forth in Paragraphs 1-14 as if fully alleged herein.

16.     Defendant Wal-Mart's manufacture, use, offer for sale, and/or sale of the First Product infringes the '695 Patent in violation of 35 U.S.C. §271.

17.     Defendant Wal-Mart's infringement of the '695 Patent has caused and continues to cause plaintiff irreparable harm.

18.     Defendant Wal-Mart's infringement of the '695 Patent has caused and continues to cause plaintiff monetary damage.


<u>COUNT II - PATENT INFRINGEMENT - U.S. PATENT NO. D493,096</u>

19.     Plaintiff re-alleges each and every allegation set forth in Paragraphs 1-18 as if fully alleged herein.

20.     Defendant Wal-Mart's manufacture, import, use, offer for sale, and/or sale of the First Product infringes the '096 Patent in violation of 35 U.S.C. §271.

21.     Defendant Wal-Mart's infringement of the '096 Patent has caused and continues to cause plaintiff irreparable harm.

22.     Defendant Wal-Mart's infringement of the '096 Patent has caused and continues to cause plaintiff monetary damage.


<u>COUNT III - PATENT INFRINGEMENT - U.S. PATENT NO. D487,695</u>

23.     Plaintiff re-alleges each and every allegation set forth in Paragraphs 1-22 as if fully alleged herein.

24.     Defendant Whitmor's manufacture, use, offer for sale, and/or sale of the Second Product infringes the '695 Patent in violation of 35 U.S.C. §271.

25.     Defendant Whitmor's infringement of the '695 Patent has caused and continues to cause plaintiff irreparable harm.

26.     Defendant Whitmor's infringement of the '695 Patent has caused and continues to cause plaintiff monetary damage.

<u>COUNT IV - PATENT INFRINGEMENT - U.S. PATENT NO. D487,695</u>

27.     Plaintiff re-alleges each and every allegation set forth in Paragraphs 1-26 as if fully alleged herein.

28.     Defendant Wal-Mart's manufacture, use, offer for sale, and/or sale of the Second Product infringes the '695 Patent in violation of 35 U.S.C. §271.

29.     Defendant Wal-Mart's infringement of the '695 Patent has caused and continues to cause plaintiff irreparable harm.

30.     Defendant Wal-Mart's infringement of the '695 Patent has caused and continues to cause plaintiff monetary damage.

<u>COUNT V - PATENT INFRINGEMENT - U.S. PATENT NO. D493,096</u>

31.     Plaintiff re-alleges each and every allegation set forth in Paragraphs 1-30 as if fully alleged herein.

32.     Defendant Whitmor's manufacture, import, use, offer for sale, and/or sale of the Second Product infringes the '096 Patent in violation of 35 U.S.C. §271.

33.     Defendant Whitmor's infringement of the '096 Patent has caused and continues to cause plaintiff irreparable harm.

34.     Defendant Whitmor's infringement of the '096 Patent has caused and continues to cause plaintiff monetary damage.

## COUNT VI - PATENT INFRINGEMENT - U.S. PATENT NO. D493,096

35.     Plaintiff re-alleges each and every allegation set forth in Paragraphs 1-34 as if fully alleged herein.

36.     Defendant Wal-Mart's manufacture, import, use, offer for sale, and/or sale of the Second Product infringes the '096 Patent in violation of 35 U.S.C. §271.

37.     Defendant Wal-Mart's infringement of the '096 Patent has caused and continues to cause plaintiff irreparable harm.

38.     Defendant Wal-Mart's infringement of the '096 Patent has caused and continues to cause plaintiff monetary damage.


## REQUESTED RELIEF

Plaintiff requests this Court to enter judgment in favor of it and against the defendants on the above counts and grant it the following relief:

1.      Pursuant to 35 U.S.C. §283, an Order that defendants be preliminary enjoined from making, importing, using, offering for sale, and/or selling the First and/or Second Product or any other product that infringes U.S. Patent Nos. D487,695 and D493,096;

2.      Pursuant to 35 U.S.C. §283, an Order that defendants be permanently enjoined from making, importing, using, offering for sale, and/or selling the First and/or Second Product or any other product that infringes U.S. Patent Nos. D487,695 and D493,096;

3.      Pursuant to 35 U.S.C. §284, that defendants pay plaintiff actual damages as may be proved at trial, and in no event less than a reasonable royalty;

-6-

4.      Pursuant to 35 U.S.C. §289, that defendants pay plaintiff an amount of damages equal to the profits realized by defendants' sales of the First and/or Second Product as may be proved at trial;

5.      Pursuant to 35 U.S.C. §284, that plaintiff be awarded interest on damages;

6.      Pursuant to 35 U.S.C. §284, that plaintiff be awarded its costs; and

7.      Such other relief as this Court deems equitable and just.

<u>REQUEST FOR A JURY</u>

Plaintiff hereby requests a jury on all issues triable by a jury.

Respectfully submitted,

Blue Water Investment LLC

By its Attorney,

/s/ Steven N. Fox
Dated: 06-03-2015                    Steven N. Fox (BBO #554692)
                                     62 South Main Street
                                     Sharon, MA 02067
                                     (781) 821-8920
                                     E-Mail: sfox@foxpatent.com